**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey
*Civil Division*

*Robert Frazer*
*United States Attorney*

*Christopher J. Stratigeas*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*christopher.stratigeas@usdoj.gov*

*main: (973) 645-2700*
*direct: (973) 297-2029*

October 16, 2026

**BY ECF**
Hon. Robert Kirsch, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: *Caguana Loja v. Soto, et al.*, No. 26-cv-13275 (RK)**
**Expedited Response to ECF No. 2**

Dear Judge Kirsch:

This Office represents Respondents in the above-referenced habeas matter filed by a noncitizen challenging the legality of her detention by U.S. Immigration and Customs Enforcement ("ICE"). We respectfully write pursuant to the Court's October 12, 2026, Order, ECF No. 2, directing Respondents to file a two-page letter "identifying (1) whether Petitioner has a criminal history, (2) whether Petitioner is subject to a final order of removal, and (3) the statutory authority under which Petitioner is detained."[1]

Contrary to Petitioner's claims in the instant habeas petition, Petitioner was not detained "without explanation on October 9, 2026." ECF No. 1 ¶ 3. Instead, he was detained under 8 U.S.C. § 1226(a) and issued a Notice of Custody Determination the same day, on October 9, 2026, three days before Petitioner's counsel filed the instant petition. *See* Ex. A (Form I-286, Notice of Custody Determination). The October 9 Notice of Custody Determination indicated that Petitioner was to be released under bond in the amount of $7,500.00. Nevertheless, Petitioner filed the instant petition on October 12, 2026, claiming that he is entitled to immediate release under *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026) and a purported unlawful arrest. *See* ECF No. 1 ¶ 6, 10.

Section 1226(a) authorizes Petitioner's detention "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

---

[1] According to ICE, Petitioner has no known criminal history or final order of removal.

Immigration officials have discretion to release a noncitizen during removal proceedings subject to bond or other conditions. 8 C.F.R. § 236.1(c)(8). Detainees can also request a custody redetermination (*i.e.*, a bond hearing) by an immigration judge. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. They can request further bond hearings from an IJ upon a showing of changed circumstances. 8 C.F.R. § 1003.19(e). And they may seek review of the IJ's decision via appeal to the BIA. *See* 8 C.F.R. §§ 1003.19(f), 1003.1(b)(7), 1003.38.

Here, ICE exercised its discretion to order Petitioner's release on bond. Ex. A. ICE informs this Office that on October 14, 2026, the Elizabeth Immigration Court held a bond hearing during which Petitioner requested an attorney, and the bond hearing was rescheduled for October 23, 2026. *See* Ex. B (Oct. 13, 2026 Hearing Notice); Ex. C (Oct. 15, 2026 Hearing Notice). The same day, Petitioner posted the bond set by ICE and was released from custody. Ex. D (Form I-830). For the foregoing reasons, Respondents respectfully assert that Petitioner's detention was lawful and, given his release from custody on October 14, 2026, we respectfully request that the Court dismiss this matter as moot. *See Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) ("[A] habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."

We thank the Court for its attention to this matter.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By: *s/ Christopher Stratigeas*
CHRISTOPHER STRATIGEAS
Assistant United States Attorney
*Attorneys for Respondents*

cc: All counsel of record (*via electronic filing*)

Encl.

**SO ORDERED**

**Robert Kirsch, U.S.D.J.**
**Date:** October 29, 2026